[No. 15876. Department Two. June 7, 1920.]

A. P. AMES *et al., Appellants,* v. DUFF AND YOUK, *Copartners, et al., Respondents.*[1]

APPEAL (418)—REVIEW—FINDINGS. Where there is a direct conflict in the evidence, findings supported by sufficient evidence will not be disturbed on appeal.

COSTS (69)—ON APPEAL—FAILURE OF RESPONDENT TO APPEAR. No costs on appeal will be allowed to a respondent who makes no appearance in the supreme court.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered February 21, 1920, upon findings in favor of the defendants, dismissing an action for conversion, tried to the court. Affirmed.

*Browder Brown* and *J. W. A. Nichols,* for appellants.

MOUNT, J. — This action was brought to recover $2,325 as damages alleged to have been suffered by the plaintiffs because of a fraudulent conversion of plaintiffs' property by the defendants. Upon issues joined, the case was tried to the court without a jury, and resulted in a judgment of dismissal. The plaintiffs have appealed.

The respondents have not appeared in this court. The facts as shown by the record may be briefly stated as follows: In April of 1918, the appellants were the owners of about thirty acres of land in Lewis county. The respondents were real estate brokers in the city of Tacoma. The appellants listed their little farm in Lewis county with the respondents for sale or exchange for property in Tacoma. The list price was $3,500 for the farm, including household goods, farm implements and live stock. A day or two later, respondents stated to appellants that they had thirty-five lots with a little

[1]Reported in 190 Pac. 230.

bungalow thereon, listed for sale by one J. A. Hannah; that these lots were worth $3,500, and that they thought they could arrange for a trade. Appellants were agreeable to the trade. Thereafter respondents saw Mr. Hannah and suggested a trade for the Lewis county farm owned by the appellants. Mr. Hannah stated to the respondents that he did not want the household goods or personal property; that he wanted cash for his lots in Tacoma; that he would be willing to accept $500 in cash and the balance, $850, by a mortgage upon the Lewis county farm. Thereupon the respondents stated to the appellants that they might retain the household goods, pay $500 in cash, give a mortgage upon their farm for the balance, $850, make a deed in blank, and the respondents could use this deed in order to get their commission. It was understood between Mr. Hannah and the respondents that the purchase price of the thirty-five lots was to be $1,350 net to Mr. Hannah, and that respondents might receive the balance of what they could obtain for the lots as their commission. The trade as finally consummated was made in that way; namely, the appellants agreed to take the thirty-five lots and the building thereon for their farm in Lewis county, without the household goods. They thereupon executed a mortgage for $600 upon the thirty-five lots, obtained the money therefor, $500 of which was paid to Mr. Hannah along with the mortgage for $850 upon the Lewis county farm. A deed to the farm was executed by the appellants in blank and delivered to the respondents.

After the trade was completed, deeds exchanged, and the appellants took possession of the thirty-five lots in Tacoma, the respondents traded the equity in the thirty-acre farm to one Reman, in Tacoma, for the house and two lots. Mr. Reman took the farm subject

to the $850 mortgage, which he assumed and agreed to pay, and respondents took a house and lot exchanged to them by Mr. Reman, subject to a mortgage of $450, which they agreed to pay. The appellants then brought this action, alleging that they did not know of any agreement by which the respondents were to receive the equity in the farm; that the respondents were their agent and should have informed them fully of the conditions of the trade, and that, by reason of the fact that the respondents acquired an interest in the farm without their knowledge, they were entitled to the proceeds of the farm received by the respondents, which they allege is $2,325.

The appellants, in their brief, concede that, if they knew and consented to the deal between Hannah and the respondents, they are not entitled to recover. The trial court, on seeing the witnesses and hearing all of the evidence upon that question, found as follows:

"That the plaintiffs examined the Tacoma property they were taking title to before the transaction was consummated; that the plaintiffs knew that the defendants, as agents for Hannah, had to give net to their client the sum of $1,350, and that they took the deed and bill of sale in blank for the purpose of working out and realizing their commission from their client, Hannah, and that the plaintiffs knew at all times that the deed and bill of sale were made in blank for the purpose above stated. That no material fact was withheld by the defendants from the plaintiffs, and that there was no deceit or fraud practiced, nor was there a secret profit made by the defendants from the plaintiffs, nor were they deceived in any way."

We have examined both the statement of facts and the abstract of the evidence in this case carefully, and while there is direct conflict in the evidence upon the question whether the appellants knew all the facts and circumstances connected with the transaction and were

fully informed by respondents thereof, there is sufficient evidence to justify a finding to that effect by the court. We are satisfied that there is not sufficient evidence to overturn the findings of the trial court upon that question.

The judgment appealed from must therefore be affirmed. No costs will be allowed to the respondents because they have made no appearance in this court.

TOLMAN and BRIDGES, JJ., concur.